RECEIVED
U.S. DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA

APR 10 2025

DANIEL J. McCOY, CLERK
BY: _____

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF LOUISIANA (ALEXANDRIA)

TAURUS ROBERSON
Petitioner

V          CIVIL ACTION: TO BE ASSIGNED

WARDEN, USP POLLOCK

## MOTION FOR WRIT OF HABEAS CORPUS CHALLENGING THE EXECUTION OF A FEDERAL SENTENCE PURSUANT TO 28 U.S.C. § 2241

COMES NOW, the defendant Taurus Roberson (hereinafter "Roberson" or "Defendant") pro se and in absentia with this **MOTION FOR WRIT OF HABEAS CORPUS CHALLENGING THE EXECUTION OF A FEDERAL SENTENCE PURSUANT TO 28 U.S.C. § 2241**

It is an entrenched principle that pro se filings however inartfully pleaded are held to less stringent standards than formal pleadings drafted by lawyers. Courts are specifically directed to construe pro se pleadings liberally. This duty applies equally to pro se motions and with special force to filings from pro se inmates United States v. Qazi, 975 F.3d 989, 991

### BACKGROUND

On January 6, 2022 after a finding of guilt as to "Possession Of A Firearm By A Prohibited Person" in violation of 18 U.S.C. § 922g and 18 U.S.C. § 924(a)(2) the defendant was sentenced

to 100 months of imprisonment in the custody of the United States Federal Bureau of Prisons with a three year term of supervised release to immediately follow. He is currently serving the custodial part of his sentence at USP Pollock. Roberson originally filed this motion with his sentencing judge captioned "Nunc Pro Tunc Motion For Jail Credit" although that was a proper vehicle The Court in Lufkin Texas said to refile as a motion for writ of habeas corpus in the district where he is housed. We bring forth this motion as a result.

## CLAIM

Roberson is currently serving his custodial sentence at USP Pollock with an "out date" of July 6, 2030 (https://www.bop.gov/mobile/find_inmate/byname.jsp#inmate_results_ ). According to The Court, the custodial part of Roberson's sentence was to start on December 7th 2020 and continue through the end of his sentence with the exclusion between January 27, 2023 and June 7, 2023 (123 days). In total Roberson should have been credited with 877 total days of jail credit which accounts for 781 days from December 7, 2020 to January 27, 2023 and an additional 96 days from June 7, 2023 until September 11, 2023. The Bureau of Prisons has not properly assessed that time. The Court concurred that the time was to be concurrent and as such Roberson prays that this motion for jail credit will be granted.

## NUNC PRO TUNC DESIGNATION

When a federal court imposes a prison sentence, Congress has authorized the United States Bureau of Prisons (BOP) to designate any available penal or correctional facility that meets minimum standards of health and habitability, whether maintained by the federal government or otherwise. 18 U.S.C.S. § 3621(b). This statute provides the BOP with broad discretion to choose the location of an inmate's imprisonment, so long as the factors enumerated in the statute are

considered. A federal sentence commences on the date the defendant is received in custody at the official detention facility designated by the BOP. 18 U.S.C.S. § 3585(a). Thus, when a federal defendant is already serving a state sentence, BOP has the practical power to make the federal sentence run concurrently by designating the state prison as a place of federal confinement, so that the clock would start to tick on the federal sentence. In an instance where the state court has insisted a state term run concurrently with a federal term of incarceration, and the state passes sentence first, it is the customary practice of the BOP and the federal court system to make a "nunc pro tunc" (now for then) designation of that state facility. Typically this occurs silently without the input of the defendant. However in the case of Mendoza, Judge Corey made that determination yet the BOP failed to make that designation.

In United States v. Lyons, the court affirmed the district court's decision to apply U.S. Sentencing Guidelines Manual § 5G1. 3(c), making the defendant's federal sentence concurrent with the remainder of his unexpired state sentence, achieving some sentencing credit for the overlap in state and federal offense conduct United States v. Lyons, 47 F.3d 309. In United States v. Moody, the court vacated and remanded the sentence because the district court erred in concluding it lacked authority to impose concurrent sentences for the defendant's conviction of 18 U.S.C.S. § 1791(c) did not deprive the court of this authority United States v. Moody, 930 F.3d 991.

## LEGAL BASIS

Pursuant to 18 U.S.C. § 3584(a), this Court has the authority to order that multiple terms of imprisonment run concurrently. The Court must consider the factors set forth in 18 U.S.C. § 3553(a) in making this determination § 3584. Multiple sentences of imprisonment, § 3553. Imposition of a sentence. Additionally, under Setser v. United States, 132 S. Ct. 1463 (2012),

federal courts have the discretion to order that sentences run concurrently with anticipated but not yet imposed state sentences 787., 776..

**ARGUMENT**

Concurrent sentencing is appropriate in this case because the Honorable Judge Thad Hearfield, indicated that he wished for the sentences to run concurrent during sentencing, because the BOP has failed to do that a nunc pro tunc order is necessary to correct this and prevent injustice Alston v. Read, 678 F. Supp. 2d 1061, UNITED STATES v. MONTES, 645 F. Supp. 167, Hayman v. United States, 329 F.2d 546. In cases where a Federal defendant is facing federal prison time and state prison time, the second sentencing judges order typically presides. Roberson should have received all of his jail credit less the 123 days he was not in custody.

**CONCLUSION**

WHEREFORE, Defendant respectfully requests that The Court issue an order amending the judgment to reflect that the sentences imposed on January 6, 2022 was to include all of the time as outlined herein according to The Court's direction.

Respectfully submitted,

_____       4-6-2025
Taurus Roberson                Date

# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF LOUISIANA (ALEXANDRIA)

TAURUS ROBERSON
Petitioner

V                                    CIVIL ACTION: TO BE ASSIGNED

WARDEN, USP POLLOCK

## CERTIFICATE OF SERVICE

I, Taurus Roberson, swear under the penalty of perjury that I have deposited the foregoing;

**MOTION FOR WRIT OF HABEAS CORPUS CHALLENGING THE EXECUTION OF A FEDERAL SENTENCE PURSUANT TO 28 U.S.C. § 2241** in the inmate system for US Mail, postage prepaid and addressed to:

United States District Court
515 Murray Street
Alexandria, LA 71301

Respectfully submitted,

_Taurus R_____         4-6-2025
Taurus Roberson            Date